**WISCONSIN LEAGUE OF FINANCIAL INSTITUTIONS, LTD., a Wisconsin corporation; First Financial Bank, FSB, a federally chartered savings bank, and North Shore Bank, FSB, a federally chartered savings bank, Plaintiffs,**

v.

**Toby E. SHERRY, Commissioner of Banking, State of Wisconsin; and James E. Doyle, Attorney General, State of Wisconsin, in their official capacities, Defendants.**

**No. 90-C-709-S.**

United States District Court,
W.D. Wisconsin.

April 18, 1991.

W. Charles Jackson, Michael, Best & Friedrich, Milwaukee, Wis., for plaintiffs.

Peter Cannon, Asst. Atty. Gen., Leon Swerin, Milwaukee, Wis., for Commissioner of Banking.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

Plaintiff Wisconsin League of Financial Institutions, Ltd. and two of its member organizations, First Financial Bank, FSB and North Shore Bank, FSB, commenced this action for declaratory relief against the defendants Commissioner of Banking and Attorney General for the State of Wisconsin. Plaintiffs seek a determination that Federal Regulations preempt a Wisconsin State Statute requiring the payment of interest on mortgage escrow funds.

The action comes before the Court on cross-motions for summary judgment, the parties agreeing that there are no factual disputes. Jurisdiction is based upon the existence of a federal question, 28 U.S.C. § 1331, and the Declaratory Judgment Act, 28 U.S.C. § 2201.

## BACKGROUND

In 1988 the plaintiff and three of its members who were federally chartered savings institutions commenced an action in this Court seeking a declaratory judgment that federal law preempted the application of § 138.052, Wis.Stat. and other related statutes to federally chartered institutions. *Wisconsin League of Financial Institutions, Ltd. v. Galecki*, 707 F.Supp. 401 (W.D.Wis.1989). In *Galecki* this Court held that the Wisconsin statute requiring the payment of interest on mortgage es-crow funds was both implicitly and explicitly preempted by the federal regulation of savings institutions and entered the following order:

> IT IS FURTHER ORDERED that judgment shall be entered declaring that 1987 Wisconsin Act 359 §§ 1 through 6 are preempted by federal law and are therefore not applicable to federally chartered savings institutions subject to regulation by the Federal Home Loan Bank Board.
>
> IT IS FURTHER ORDERED that judgment be entered enjoining defendants from enforcing such provisions against federally chartered savings institutions subject to regulation by the Federal Home Loan Bank Board.

*Id.* at 406.

The plaintiff Wisconsin League of Financial Institutions, Ltd. together with two of its members now returns to this Court seeking a further ruling concerning federal preemption of state law requiring the payment of interest on escrow funds. Plaintiffs First Financial Bank, FSB, and North Shore Bank, FSB, are federally chartered savings institutions under § 5 of the Home-owners Loan Act of 1933 which converted from state to federally chartered savings institutions in 1989 and 1990.

During the period which these institutions operated under their state charters they originated, purchased and/or administered and serviced loans secured by first liens on one to four family dwellings used by Wisconsin borrowers. These loans required the escrowing of amounts necessary for the payment of property taxes and insurance. Pursuant to Wisconsin Statutes § 138.052(5) the plaintiff institutions paid 5.25 percent interest on these escrow funds.

## MEMORANDUM

Plaintiffs now seek a determination that federal law preempts the application of § 138.052(5) for mortgage loans originated before conversion to federal status. Plaintiffs also seek a determination that under the specific language of the mortgage contracts they have no contractual obligation

to continue paying interest on the escrow funds.

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. The parties have stipulated to the material facts in this case and no party contends that there are disputed issues as to material facts. Accordingly, this case is appropriate for resolution on the cross motions for summary judgment presently pending.

*Federal Preemption*

■ The issue of federal preemption was addressed extensively in *Galecki*, and the Court finds no reason to reexamine its prior analysis. The only substantial change which has taken place since *Galecki* was the replacement of the Federal Home Loan Bank Board with the Office of Thrift Supervision pursuant to the Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIRREA) Pub.L. No. 101–73, § 401, 103 Stat. 183, 357 (1989). Since FIRREA, § 401(h), expressly provides for continuance of all previous orders, resolutions, determinations and regulations, including determinations by courts of competent jurisdiction, there is no basis to suggest that this change altered the order entered in *Galecki*.

Based upon the arguments of the parties, however, it is apparent that further discussion is necessary concerning the scope of federal preemption in the area of escrow accounts. The Wisconsin statute in question, § 138.052(5), Wis.Stat., provides:

> ... A bank, credit union, savings bank, savings and loan association, or mortgage banker which originates a loan after January 31, 1983, and which requires an escrow to assure the payment of taxes or insurance, shall pay interest on the outstanding principal balance of the escrow of not less than 5.25% per year, unless the escrow funds are held by a third party in a non-interest bearing account.

This statute directly imposes upon a financial institution the obligation to pay interest on escrow accounts. It does not expressly require the inclusion of an escrow interest provision in the mortgage contract. As federal institutions regulated by the Office of Thrift Supervision, whose regulations preempt state escrow requirements, the plaintiff institutions are not subject to direct enforcement under § 138.052(5). *Galecki*, 707 F.Supp. at 406.

■ However, plaintiffs' present contention that federal law retroactively preempts state contract law concerning the interpretation of agreements entered into by state institutions is entirely unsupported. A statute or regulation is deemed to operate retroactively only if the legislative body enacting it evidences a clear expression to do so. *United States v. Security Industrial Bank*, 459 U.S. 70, 81, 103 S.Ct. 407, 413–14, 74 L.Ed.2d 235 (1982). In the case of escrow accounts the regulations themselves and the administrative body issuing the regulations have expressed a clear intention that the regulations should *not* apply in the retroactive fashion suggested by the plaintiffs.

The principal purpose of the present regulations is to permit the enforcement of contracts as they are negotiated between the parties. *Galecki*, 707 F.Supp. at 406. State financial institutions and their mortgagors negotiate and execute mortgage contracts in contemplation of the state law then affecting the parties. Retroactive deletion of the state law in effect at the time of the negotiation would alter the contracts as negotiated by the parties. There is no indication within the regulations that such a result was intended.

In fact, the regulations generally provide that preexisting contractual rights and obligations are unaffected by conversion of an institution from a state to a federal charter or a merger of federal institutions. *See e.g.* 12 C.F.R. § 543.14, (corporate existence continues in converted mutual associations) 12 C.F.R. § 546.3, (successor association succeeds to all obligations of the merging federal mutual associations), 12 C.F.R. § 552.16(1), (obligations and duties unaffected by merger of federal associations). By analogy, a stock association which converts from a state to a federal institution

does not alter its rights and obligations under its preexisting contracts.

Furthermore, the agency itself has interpreted its regulations not to preempt the application of state law to the interpretation of contracts entered into by state chartered institutions. Letter of Harris Weinstein, Chief Counsel for the Office of Thrift Supervision, dated August 21, 1990, concludes as follows:

> For these reasons, we have concluded that state law determines the rights and obligations of the parties to a mortgage that was entered into while the savings association operated under a state charter. A savings association would be obligated to continue paying interest on an escrow account established pursuant to such a mortgage unless it has a contractual right to terminate payment of such interest upon converting to a federal charter. Whether such a contractual right exists depends upon the language of the contract as interpreted under Wisconsin law.

There is no support for the proposition that the regulatory agency intended to preempt the application of state law to the interpretation of contracts negotiated and executed while the institution was governed by state law.

*Contract Interpretation*

■ As indicated in the discussion of preemption, the fact that the defendants are precluded from directly enforcing § 138.052(5) against the plaintiff institutions does not bar a claim by the mortgagors that their contracts have implicitly incorporated the interest requirement of § 138.052(5). *State ex rel. Building Owners and Managers Ass'n v. Adamany*, 64 Wis.2d 280, 294, 219 N.W.2d 274 (1974). Such a claim would be resolved exclusively under Wisconsin law. *Bleecker Associates v. Astoria Federal Sav. & Loan Ass'n*, 544 F.Supp. 794, 799 (S.D.N.Y.1982) (relating to the interpretation of escalator clauses). In addition to arguing that the statute would be subsumed within the contract under Wisconsin law defendants also argue as an affirmative defense that under Wisconsin law a provision which permitted the plaintiffs to cease paying interest would be unconscionable. Federal law has no impact upon this determination.

Accordingly, claims 3, 4 and 5 in plaintiffs' complaint and defendants' affirmative defenses seek a declaration concerning the viability of state contract claims. Assuming an actual case or controversy exists between the present parties on the contract determinations, it is clear that this Court should dismiss these pendent state claims pursuant to the doctrine of *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). *See also Bleecker*, 544 F.Supp. at 799. The Court in *Gibbs* held that where an issue of federal preemption existed *and* a federal claim remained for trial it was permissible, though not required, that the Court exercise jurisdiction over the related state claims. 383 U.S. at 715, 86 S.Ct. at 1130. The Court expressly stated, however, that if all federal issues are resolved before trial there is no basis for exercising continuing jurisdiction over the state claims. *Id.* at 726, 86 S.Ct. at 1139.

"Once it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage, the state claim may fairly be dismissed." *Id.* at 727, 86 S.Ct. at 1140. Here, all remaining claims at issue are state claims, the only federal issue being the anticipatory federal defense of preemption. That issue has now been fully resolved and dismissal of the state claims necessarily follows.

## CONCLUSION

The Court reaffirms in full its prior decision in *Wisconsin League of Financial Institutions, Ltd. v. Galecki*, 707 F.Supp. 401 (1989), and finds no reason to enter an additional order, having already determined that the state statute may not be directly enforced against the plaintiff institutions. However, such preemption does not preclude a claim based upon Wisconsin contract law that the requirement to pay interest on escrow accounts was implicitly incorporated into the mortgages and has not been expressly overridden by their provisions. These questions in claims 3–5 are

issues governed exclusively by state law, over which this Court has no independent jurisdiction.

## ORDER

IT IS ORDERED that plaintiffs' motion for summary judgment which seeks an affirmation of the decision of this Court entered in *Wisconsin League of Financial Institutions, Ltd. v. Galecki* that the application of § 138.052(5), Wis.Stat., to the operations of federal institutions is preempted is GRANTED, and is DENIED in all other respects.

IT IS FURTHER ORDERED that defendants' motion for summary judgment which seeks to exclude federal preemption of Wisconsin contract law, including the appropriate incorporation of Wisconsin Statutes in effect at the time a contract was made is GRANTED, and DENIED in all other respects.

IT IS FURTHER ORDERED that plaintiffs' third, fourth and fifth claims for relief for the interpretations of contracts under Wisconsin law are DISMISSED without prejudice for want of subject matter jurisdiction.